**Dale Kerby DRUMRIGHT**

v.

**COLLECTION RECOVERY, INC.**

No. 79–3618.

United States District Court,
M. D. Tennessee,
Nashville Division.

Jan. 18, 1980.

David J. Tarpley, Nashville, Tenn., for plaintiff.

Kirk C. Waite, Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, District Judge.

This action for violation of the Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.*, is before the Court on a motion to dismiss filed by the defendant, Collection Recovery, Inc. Defendant asserts the one-year statute of limitations provided by 15 U.S.C. § 1692k(d). The complaint alleges violation of three portions of the Act in that (1) defendant did not communicate the required information within five days of the initial communication; (2) the defendant misrepresented its right to initiate suit prior to the expiration of the thirty-day validation period (such misrepresentation allegedly violating section 1692e of the Act); and (3) the suit was initiated by the defendant prior to the expiration of the thirty-day validation period.

Initial communication by the defendant to the plaintiff occurred on November 25, 1978, and did not contain the information required by section g of the Act. No follow up communication was made within five days after such initial communication. Defendant filed suit against plaintiff on December 1, 1978, in the name of the creditor. The suit in this Court was filed on November 29, 1979.

Insofar as the suit is based upon a false or misleading representation made in the initial communication of November 25, 1978, as a basis for violation of 15 U.S.C. § 1692e, the motion is well taken. The suit in this case was filed four days beyond the one-year limitation.

The alleged violation of section g is not barred, and the suit is timely. A violation of section g would not ripen until five days after the initial communication of November 25, 1978. The collection agency defendant had through November 30, 1978, in which to provide the required information

of section g. The plaintiff's suit for such a violation would not ripen until December 1, 1978, and plaintiff would have through November 30, 1979, to file such a suit. Suit having been filed on November 29, 1979, the motion to dismiss is not well taken and is denied.